# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANESSA G. CALVIN, CONSTANCE P. McCLAIN, and QUENTIN W. LYONS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SHIRLEY LYONS )<br>)<br>Defendant. ) | NO. CIV-18-0847-HE |

## **ORDER**

In this case, plaintiffs seek a declaratory judgment establishing the invalidity of the divorce decrees of defendant Shirley Lyons. This is the fourth civil action plaintiff Vanessa Calvin has filed in this court, all essentially seeking a determination that Ms. Lyons, who married plaintiffs' father in 1994, was not legally married to him because Ms. Lyons was not divorced from a prior husband at the time of the marriage to plaintiffs' father. Ms. Calvin's position was rejected by the Oklahoma courts. In Mr. Lyon's probate case in the District Court of Comanche County, the court concluded Shirley Lyons was the surviving spouse of plaintiff's father. That determination was upheld in Oklahoma's appellate courts. Plaintiff Calvin's specific claims and arguments in the previous federal cases have varied somewhat from case to case, but all have in common some effort to relitigate or overturn the state probate court's determination. The present action, though focused on entitlement to the proceeds of Mr. Lyon's federal employee group life insurance, similarly seeks to overturn the state court determination and "establish the invalidity of the divorce decrees for Shirley Ann Lyons."

Defendant seeks dismissal here on the basis that, as with the previous three cases, the court lacks subject matter jurisdiction. The court concludes dismissal is appropriate, substantially for the reasons which have been thoroughly explained in the prior cases. *See* Order at 1-4, Calvin v. Okla., No. CIV-17-0610-HE (W.D. Okla. June 27, 2017) ECF No. 8; Order at 1-3, Calvin v. Okla., No. CIV-16-1225-HE (W.D. Okla. May 23, 2017) ECF No. 92; Order at 1-2, Estate of Lyons & Calvin v. Lyons, No. CIV-15-0415-HE (W.D. Okla. Apr. 22, 2015) ECF No. 3. In light of the extensive history in this matter, the court concludes that more than dismissal is appropriate as to Ms. Calvin and that the imposition of future filing restrictions should be considered as to her.

The court previously warned Ms. Calvin that further attempts to litigate these same issues would result in pre-filing restrictions. *See* Order at 1-4, Calvin v. Okla., No. CIV-17-0610-HE (W.D. Okla. June 17, 2017) ECF No. 8. The Tenth Circuit has emphasized, "[t]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial process." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (internal citations omitted). An injunction imposing filing restrictions is proper where "(1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant must do to obtain permission to file an action; and (3) the litigant received notice and an opportunity to oppose the court's order before it is instituted." Ysais v. Richardson, 603 F.3d 1175, 1180 (10th Cir. 2010) (quoting Tripati, 878 F.2d at 352-54) (internal quotation marks omitted).

Plaintiff Calvin's litigation history in this court began in 2015, when she sought to overturn the findings of the state probate court. *See* Req. A Notice of Removal at 1-6, Estate of Lyons & Calvin v. Lyons, No. CIV-15-0415-HE (W.D. Okla. Apr. 17, 2015) ECF No. 1. Ms. Calvin sought appointment as administrator of her father's estate. *Id*. Her father's wife, defendant Shirley Lyons, also sought appointment and prevailed in the probate court. *Id*. Ms. Calvin contended in her filings that Shirley Lyons was a bigamist, and not validly married to her father. *Id.* at 1. This court determined that since the claims were essentially a probate matter, it lacked jurisdiction. Order at 1-2, Estate of Lyons & Calvin v. Lyons, No. CIV-15-0415-HE (W.D. Okla. Apr. 22, 2015) ECF No. 3. Ms. Calvin asked the court to reconsider, and the court denied that request. She appealed but the appeal was dismissed for lack of prosecution.

Ms. Calvin filed another suit in 2016 that sought relief against various state and private entities and individuals, including the state probate judge and Shirley Lyons. Am. Compl. at 1, Calvin v. Okla., No. CIV-16-1225-HE (W.D. Okla. Nov. 23, 2016) ECF No. 8. She also filed a complaint of judicial misconduct against the probate judge. Several defendants filed motions to dismiss, which the court granted. In that order, the court explained that Ms. Calvin's disagreement with the state court's decisions was not a sufficient basis for claim in federal court but gave plaintiff an opportunity to amend to remedy the deficiencies in her complaint if she could do so. Order at 8-9 Calvin v. Okla., No. CIV-16-1225-HE (W.D. Okla. March 15, 2017) ECF No. 40. Ms. Calvin appealed from that order and also filed a second amended complaint. The Tenth Circuit dismissed the appeal for lack of jurisdiction. Defendants again moved in this court for dismissal of

the amended complaint. Plaintiff then filed multiple motions for default judgment against the defendants, most of whom had motions to dismiss pending. The court denied the motions for default judgment and eventually dismissed all claims with prejudice, concluding that any further attempts at amendment would be futile. Order at 3, Calvin v. Okla., No. CIV-16-1225-HE (W.D. Okla. May 23, 2017) ECF No. 92. Ms. Calvin filed a motion seeking to set aside the judgment, which the court denied, noting that it was clear the court lacked jurisdiction over the claims. Order at 1, Calvin v. Okla., No. CIV-16-1225-HE (W.D. Okla. June 27, 2017) ECF No. 100. Ms. Calvin appealed, and the Tenth Circuit affirmed the court's ruling.

While CIV-16-1225 was pending on appeal, Ms. Calvin filed a third case against many of the same entities and individuals, this time asking that the court resolve the bigamy allegations. Am. Compl. at 1-17, Calvin v. Okla., No. CIV-17-0610-HE (W.D. Okla. June 20, 2017) ECF No. 5. The court dismissed the amended complaint *sua sponte*, reiterating its prior holdings and again concluding that it lacked jurisdiction and that plaintiff failed to state a claim. Order at 1-4, Calvin v. Okla., No. CIV-17-0610-HE (W.D. Okla. June 27, 2017) ECF No. 8. The court warned Ms. Calvin that further attempts to litigate these same claims would result in filing restrictions. *Id*. at 4. She asked the court to reconsider, and the court declined to do so. Ms. Calvin appealed. That appeal was consolidated with her appeal in Case No. CIV-16-1225. The Tenth Circuit affirmed this court's ruling.

Plaintiffs have now filed this case seeking essentially the same relief. Consistent with the prior warning, the court now explicitly states its intention to consider and to impose, if appropriate, filing restrictions on any future cases filed by Ms. Calvin in this

4

court.[1] Ms. Calvin is hereby given notice that the following filing restrictions may be imposed after she has had an opportunity to respond:

> Ms. Calvin may not bring any civil action in the Western District of Oklahoma unless she is represented by a licensed attorney or first obtains permission to proceed *pro se*. To obtain such permission, Ms. Calvin must:
>
> > (1) File a petition with the clerk of this court requesting leave to file a *pro se* action, attaching a copy of the order imposing restrictions;
> >
> > (2) Include in the petition a list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court, with a statement indicating the current status or disposition of each proceeding;
> >
> > (3) File with the clerk a notarized affidavit reciting the issues she seeks to present, including a description of the claims she is asserting, and a short statement of the legal basis asserted for such claims. The affidavit must also certify her good faith in bringing the proposed action and that her arguments are not frivolous and are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.
>
> The clerk will forward these documents to the chief judge of the Western District of Oklahoma for review to determine whether to permit the *pro se* action. Without the chief judge's approval, the matter will be dismissed. If the chief judge approves the filing, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the court's local rules.[2]

Ms. Calvin shall have **fourteen days** from the date of this order to file written objections to the proposed filing restrictions, and her response is limited to **15 pages** in

---

[1] *The filing restrictions, if imposed, will apply only against Ms. Calvin, as the prior litigation history involves only her and not the other plaintiffs who have joined in this suit. However, Ms. McClain and Mr. Lyons are advised that if further cases are filed by them asserting substantially the same claims as those involved here, filing restrictions may be imposed as to them.*

[2] *See* <u>Cotner v. Boone</u>, *48 F. App'x 287, 290-91 (10th Cir. 2002) (unpublished order), imposing similar filing restrictions against an abusive litigant in the Tenth Circuit.*

length.  *See* In re Winslow, 17 F.3d 314, 316 (10th Cir. 1994).  Absent objection by Ms. Calvin within that time period, the suggested restrictions will take effect without further order of the court.

For the reasons stated above, defendant's motion to dismiss [Doc. #7] is **GRANTED** and plaintiff's claims are **DISMISSED**.  Filing restrictions will be considered and/or imposed against Ms. Calvin consistent with the above discussion.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE